IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

TYREESE OVERLY,

    Petitioner,

v.                                    Case No. 5:24-cv-00615

W. HOLZAPFEL,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 28, 2024, Petitioner, an inmate who was then housed at FCI Beckley, in Beaver, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner filed his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking application of earned Federal Time Credits ("FTC") under the First Step Act of 2018 ("FSA"). (ECF No. 1.) On December 13, 2024, Respondent filed a response to the petition asserting that Petitioner had failed to fully and properly exhaust available and required administrative remedies before filing her petition and that she was not then eligible for application of FTC due to his recidivism risk level, which was a discretionary determination that is not subject to judicial review. (ECF No. 7). Petitioner did not file

a reply. However, according to the inmate locator on the BOP website, www.bop.gov, Petitioner was released from BOP custody on or about April 17, 2025.[1] Thus, as addressed below, his § 2241 petition is moot and must be dismissed.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).

As noted above, Petitioner has been released from BOP custody without any collateral consequences related to his claims; thus, this federal court is no longer able to grant his requested relief. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is moot due to his release from BOP custody without collateral consequences and he no longer has a cognizable interest in the outcome of these proceedings. Accordingly, it is respectfully **RECOMMENDED** that

---

[1] The undersigned notes that the BOP website lists Petitioner's name as "Tyrese N Overly," but his Register Number (#22709-032) is the same as that on the docket sheet.

the presiding District Judge **DENY AS MOOT** Petitioner's Petitions for a Writ of Habeas Corpus (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Chief Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner at his last known address and to transmit a copy to counsel of record.

May 22, 2025

Dwane L. Tinsley
United States Magistrate Judge